UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

DIANA KAYE GENTRY,                    Case No. 09-36472-dof
                                                   Chapter 7 Proceeding
             Debtor.                              Hon. Daniel S. Opperman
_____/
RAYOLA O. BANFIELD REVOCABLE
LIVING TRUST u/a/d NOVEMBER 10, 1987,
AS AMENDED,

        Plaintiff,

v.                                                        Adversary Proceeding
                                                         Case No. 13-3047-dof

FIRST NATIONAL BANK IN HOWELL,

        Defendant.
_____/

## OPINION GRANTING MOTION FOR
## PERMISSIVE ABSTENTION OF FIRST NATIONAL BANK IN HOWELL

### Introduction and Facts

The Rayola O. Banfield Revocable Living Trust (the "ROB Trust") filed this adversary proceeding against First National Bank in Howell ("FNBH") seeking declaratory judgment that $205,300.00 received from the sale of property commonly known as 1563 M-36, Pinckney, Michigan was misappropriated by the Debtor, Diana Gentry, and instead was applied to pay an indebtedness of Ms. Gentry to FNBH, as opposed to a mortgage debt owed by the ROB Trust to FNBH. The ROB Trust also seeks declaratory judgment that a default declared by FNBH after the death of Rayola Banfield in July, 2012, should be waived. Additionally, the ROB Trust claims that FNBH, through its attorneys, has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, as well as the Michigan Collection Practices Act, M.C.L. § 445.251, *et seq*. for actions taken by FNBH and its attorneys against either Rayola Banfield or the ROB Trust as early as August, 2010.

1

FNBH filed an Answer to the ROB Trust's Complaint. In April, 2013, FNBH filed an action in the Livingston County Probate Court against the ROB Trust that the ROB Trust removed to this Court on May 13, 2013. The next day the ROB Trust filed a Counter Claim against FNBH containing a conditional jury demand for all issues that are non-core. The ROB Trust seeks partial summary judgment, the filing of which prompted FNBH to file a Motion for Abstention, a Motion for Remand, and a Motion to Dismiss.

Applicable Authority

<u>Permissive Abstention Under 28 U.S.C. § 1334(c)(1).</u>

Section 1334(c)(1) states:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect from State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this provision, bankruptcy courts have discretion to abstain from hearing state law causes of action, and remand those causes of action.

The factors to be considered in determining whether permissive abstention is appropriate consist of the following non-exclusive factors: (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in

bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors. *Brothers v. Tremaine (In re Tremaine)*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471 (Bankr S.D. Ohio 2003).

Analysis

The vast majority of the issues raised in the pleadings in this case involve actions taken by FNBH after Diana Gentry filed her bankruptcy petition with this Court on December 3, 2009. In this bankruptcy estate, the Chapter 7 Trustee sold property of the Debtor and disbursed funds to secured creditors. There are two remaining outstanding adversary proceedings, the instant adversary proceeding and an adversary proceeding filed by Michael Mason and Barbara Duggan, the Chapter 7 Trustee and a creditor of Christopher Wyman, the ex-husband of the Debtor. While this estate may remain open for some time, the existence of this adversary proceeding will not impact the efficient administration of this estate.

An analysis of the Complaint, Answer, and Counter Claim reveals that state law and non-bankruptcy federal law predominate. In particular, to the extent allegations are made as to the administration of the ROB Trust, the Livingston County Probate Court is more suited to address those issues than this Court. This factor weighs heavily in favor of permissive abstention. The Court does note that this area of state law is not particularly difficult or unsettled, a factor which weighs slightly in favor of not abstaining.

FNBH filed a probate court action in April, 2013, so there is an existing related proceeding that was not filed prior to this adversary proceeding. While the timing of this state court action may preclude mandatory abstention under 28 U.S.C. § 1334(c)(2), the mere fact that the ROB Trust in this case won the race to the courthouse does not preclude permissive abstention, especially if other

factors weigh heavily in favor of permissive abstention.

Likewise, the Court can find no jurisdictional basis other than 28 U.S.C. § 1334 to hear the primarily state court claims and non-bankruptcy federal court claims. The Court also does not find the necessary relatedness of this proceeding to the main bankruptcy case. In that regard, the Court notes that the ROB Trust argues that both the ROB Trust and FNBH have filed proofs of claim in this case, but a close review of those proofs of claim does not result in a finding that there is sufficient nexus for this Court to act as urged by the ROB Trust. In particular, it appears that the ROB Trust is claiming that the Debtor improperly diverted money from the sale of the Pinckney property to pay one of her debts when that money could have been applied to pay a debt owed by the ROB Trust to FNBH. On the other hand, the FNBH proof of claim filed in this case is a secured claim for property located at 6241 Grand River Avenue, Howell, Michigan. While the Court does note that there is a proof of claim filed by the ROB Trust and by FNBH, this similarity alone does not have sufficient connection to this case to warrant further Court intervention, especially given that these issues can be resolved in the state court. Moreover, this analysis shows that the substance of this adversary proceeding is really based upon state law issues and not federal bankruptcy law issues.

As to the eighth element, the severing of the state law claims could allow for judgments to be entered in the state court and with the state court enforcing those judgments. These state court judgments could likewise be enforced in this Court, if needed, although this Court doubts the need for that to occur as the state court has sufficient jurisdiction to enforce its own judgments.

The Court gives little, if any, weight to the burden of this adversary proceeding on this Court's docket as this Court routinely is asked to address a number of issues for which this Court was created. This Court would not abstain simply for the purpose of reducing its docket, nor would this Court refuse to abstain in order to fill its docket.

Turning to the last few elements, the ROB Trust has urged that FNBH seeks to have this case sent to the Livingston County Probate Court because FNBH is located in Livingston County. The Plaintiff is correct that FNBH is located in Livingston County, but that factor alone is not sufficient evidence to convince this Court that there has been forum shopping. It is just as likely that FNBH would prefer to avoid the exposure at a local level of the alleged wrongdoing, so this factor is at best neutral as well.

The Court also notes that the ROB Trust has sought a conditional right to a jury trial for the Counter Claim for non-core claims. Without deciding the nature of the core or non-core status of each claim raised by the ROB Trust, it appears that the ROB Trust would be entitled to a jury trial for many of the issues raised by the ROB Trust in its pleadings.

Finally, the entire adversary proceeding involves non-debtor parties, namely two creditors of the Debtor. Moreover, a majority of the events complained of by the ROB Trust occurred after the December, 2009, Chapter 7 petition filed by the Debtor in this case. This factor weighs heavily in favor of permissive abstention, especially given that there will be no addition to the bankruptcy estate if this Court were to rule in favor of the ROB Trust.

The last factor allows this Court to consider any and all other elements that are noteworthy. The ROB Trust urges this Court to consider the bad acts of FNBH as a reason to not abstain. The Court has considered this argument and, while giving great weight to the arguments made by the ROB Trust, through counsel, is unable to weigh this factor against permissive abstention. The Court would need to accept all of the ROB Trust's statements as being true and discount completely FNBH's arguments to the contrary. With this record, in the early stages of this proceeding, the Court simply cannot do so. Nevertheless, the Court will give slight weight of this final factor against permissive abstention.

After analyzing all of the elements, the Court still comes back to the lack of the connection

5

of the claims made by the parties in this adversary proceeding with the Debtor's estate, on a temporal, factual, and legal basis. Instead, it appears to this Court that after a review of the pleadings, this case involves two creditors of the Debtor who disagree as to the legal effect of many facts, most of which occurred after this Chapter 7 petition was filed. With this record, the Court concludes that permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate.

Accordingly, the Motion for Permissive Abstention of First National Bank in Howell is granted. The Court expresses no opinion as to the remaining pending Motions before the Court and reserves the rights of all parties to argue their respective positions in a different court.

Counsel for FNBH is directed to submit an order consistent with this Opinion and with the rules of this Court regarding presentment of orders.

**Signed on August 19, 2013**

                                              **/s/ Daniel S. Opperman**
                                              **Daniel S. Opperman**
                                              **United States Bankruptcy Judge**